IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-82892-TLS |
| | ) | |
| THEODORE COLEMAN and | ) | CH. 13 |
| DIANNE COLEMAN, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on March 19, 2012, on a motion for relief from stay filed by Federal Home Loan Mortgage Corporation (Fil. #28), and a resistance thereto filed by Debtors (Fil. #34). William R. Harris appeared for Debtors, and Dustin J. Kessler appeared for Federal Home Loan Mortgage Corporation ("Freddie Mac"). Evidence was admitted and the matter was taken under advisement.

For the reasons set forth below, the motion for relief from stay is granted.

As an initial matter, the court takes judicial notice of the state court pleadings and judgment filed herein (Fil. #43) and the recorded Trustee's Deed (Fil. #37). It is undisputed that Freddie Mac purchased the real property and improvements located at 9823 Military Road, Omaha, Nebraska (the "Property"),[1] at a trustee's sale conducted on October 12, 2010, which was more than one year prior to the filing of the bankruptcy petition on November 22, 2011. At the time of the sale, Debtors lived in the Property and, apparently, still reside therein. Debtors challenged the validity of the trustee's sale in state court asserting that the foreclosure was "wrongful" for a variety of reasons. Debtors were unsuccessful as the state court entered summary judgment against them and dismissed the case by an order filed September 1, 2011. Debtors did not appeal.

Freddie Mac now seeks relief from the automatic stay to complete the eviction of Debtors from the Property. Freddie Mac asserts that since it purchased the Property at a duly conducted trustee's sale prior to bankruptcy filing and, since the state court has upheld the validity of the sale, the Property never became property of this bankruptcy estate and Debtors have no right to forcibly detain it.

Debtors resisted the motion for relief asserting a variety of unsubstantiated theories. At the hearing, counsel for Debtors focused his energies on the supposedly "wrongful" foreclosure conducted by Wells Fargo Bank and its agents, notwithstanding the fact that the state court has ruled against Debtors on all such issues. Further, it is noteworthy that Mr. Harris, Debtors' counsel, failed to offer a single shred of evidence to support Debtors' resistance. Of course, that is not surprising since there is no such evidence. The so-called "wrongful foreclosure" issue and the validity of the

---

[1] Legally described as Lot 8, Murray's Rusty Rose Ridge, an addition to the City of Omaha, Douglas County, Nebraska.

trustee's sale by which Freddie Mac purchased the Property has been decided by final order of the District Court of Douglas County, Nebraska. The continued attempts by Debtors to challenge the foreclosure in resistance to the motion for relief from stay implicate the *Rooker-Feldman* doctrine, which is derived from the holdings in two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Under *Rooker-Feldman*, lower federal courts, such as bankruptcy courts, do not have subject matter jurisdiction over challenges to decisions made by state courts in judicial proceedings. *Bunch v. Hoffinger Industries, Inc.* (*In re Hoffinger Industries, Inc.*), 329 F.3d 948, 950 (8th Cir. 2003) (citations therein). Put another way, "*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding." *Snider v. City of Excelsior Springs*, 154 F.3d 809, 811 (8th Cir. 1998) (citation therein). The state and federal claims need not be identical. A lower federal court may not consider a claim that is "inextricably intertwined" with a claim addressed by a state court. *Goetzman v. Agribank, FCB* (*In re Goetzman*), 91 F.3d 1173, 1177 (8th Cir. 1996) (citation therein). A federal claim is inextricably intertwined with a state claim "if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it." *Snider*, 154 F.3d at 811.

Stated simply, Debtors cannot now challenge the validity of the trustee's sale by which Freddie Mac acquired title to the Property. In fact, resisting the motion for relief from stay more than one year after Freddie Mac acquired title to the Property, and several months after the state court dismissed the challenge to the validity of the foreclosure and the sale, borders on being frivolous. Bankruptcy court is not a place to haphazardly make unsubstantiated allegations, particularly when a court of competent jurisdiction has already considered and dismissed those allegations. However, this court will not issue sanctions at this time since it seems Freddie Mac would have had to file its motion for relief in any event as Debtors remain in possession of the Property.

IT IS, THEREFORE, ORDERED that the motion for relief from stay (Fil. #28) is granted and the 14-day stay of Bankruptcy Rule 4001(a)(3) is waived. Federal Home Loan Mortgage Corporation may immediately proceed with state law remedies to obtain possession of the Property.

DATED: March 21, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    William R. Harris    *Dustin J. Kessler
    Kathleen Laughlin    United States Trustee
Movant(*) is responsible for giving notice to other parties if required by rule or statute.